# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:14-cr-00099-APG-PAL |
| Plaintiff, | |
| v. | **ORDER DENYING MOTIONS TO VACATE** |
| VON WHITE, | (ECF Nos. 108, 115, 131, 132) |
| Defendant. | |

I previously stayed defendant Von White's pending § 2255 motion to await a decision from the Supreme Court in *Beckles v. United States*, 137 S. Ct. 886 (2017). Since then, the Supreme Court issued its opinion in *Beckles*, and that holding forecloses the arguments that White raises in his motions. I thus lift the stay and deny White's motions to vacate.

White filed two motions to vacate his sentence—one while he was represented by counsel, another after he began representing himself—but both raise identical arguments. ECF Nos. 115. 131.[1] White argues that the holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015) applies to the residual clause of the career offender guideline in United States Sentencing Guidelines ("U.S.S.G.") § 4B1.2(a)(2). He contends that his enhancement under § 4B1.2(a)(2) is thus infirm and that he should be resentenced.

Section 2255 allows White to challenge his sentence here only if he can point to a new constitutional rule made retroactive to his case on collateral review. *See* 28 U.S.C. § 2255. The Supreme Court has now held that *Johnson's* holding has no effect on § 4B1.2(a)(2). *Beckles*, 137 S. Ct. 886, 889. White is thus left without grounds to challenge his sentence under § 2255.

In White's pro se motion, in addition to reiterating that his sentence enhancement was improper, White also claims that his counsel was ineffective for failing to file a direct appeal. But any new challenge to White's sentence is time-barred. White had one year from the date that his

---

[1] White also filed an abridged motion to vacate raising the same arguments. ECF No. 108.

appeal expired to challenge his sentence under § 2255. *See United States v. Schwartz*, 274 F.3d 1220, 1223 & n.1 (9th Cir. 2001) (citing Fed. R. App. P. 4); *United States v. Gilbert*, 807 F.3d 1197, 1199 (9th Cir. 2015). His time to appeal expired in September 2015. ECF No. 102. White did not file his new motion to vacate related to his counsel being ineffective until June 2017. ECF No. 131. White is thus foreclosed from challenging his sentence under *Johnson*, and he is otherwise foreclosed from challenging his sentence by § 2255's time-bar.

To appeal this order, White must receive a certificate of appealability from a circuit or district judge. 28 U.S.C. § 2253(c)(1)(B). To obtain this certificate, White "must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quotation omitted). Given the authority holding that White is barred from bringing his challenges, I deny his request for a certificate of appealability.

Finally, White requests that I appoint him counsel. Appointing counsel is a matter left to my discretion, and I decline to do so given that White had counsel for his initial § 2255 briefing and, since representing himself, was able to reasonably articulate his arguments. *See* 28 U.S.C. § 2255 (g); 18 U.S.C. 3006A(2)(B).

IT IS THEREFORE ORDERED that White's motions to vacate **(ECF Nos. 108, 115, 131) are DENIED**.

IT IS FURTHER ORDERED that White's request for a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that White's request for appointed counsel **(ECF No. 132)** is **DENIED.**

DATED this 16th day of June, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE